## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. 2:21-CR-00049** |
| **Plaintiff,** | : | |
| | : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | |
| **DEMETRIUS TROUTMAN,** | : | |
| | : | |
| **Defendant.** | : | |

### OPINION & ORDER

This matter comes before this Court on Defendant Demetrius Troutman's Motion to Withdraw Guilty Plea. (ECF No. 57). For the following reasons, Defendant's Motion is **DENIED**.

### I. BACKGROUND

As part of an on-going investigation, agents with the Drug Enforcement Administration ("DEA") determined that Demetrious Troutman, Norberto Castillo-Lopez, and others possessed and intended to distribute at least 400 grams of fentanyl from June 2020 through September 2020. (ECF No. 56 at ¶ 7). Based on evidence obtained from that investigation, on September 28, 2020, a search warrant was executed at Demetrius Troutman's residence. (ECF No. 56 at 5). Upon conducting the search, DEA agents recovered numerous illegal drugs, multiple firearms, and approximately 30,000 rounds of ammunition. (*Id*. at 5).

As a result of that seizure, and the ongoing DEA investigation, both Troutman and Castillo-Lopez[1] were indicted by a grand jury on two counts: Possession with Intent to Distribute Narcotics in violation of 21 U.S.C. §§ 841(a)(1) (Count 1); and Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2). (ECF No. 21). Thereafter,

---

[1] As of the date of this Opinion and Order, the warrant for Defendant Castillo-Lopez's arrest has not been executed. (*See United States v. Troutman et al.,* No. 2:21-cr-00049-2 ECF No. 29 (S.D. Ohio)).

once this Court scheduled Defendants' case for trial, the grand jury returned a superseding indictment charging both Defendants with Conspiracy to Possess with an Intent to Distribute Narcotics in violation of 21 U.S.C. § 846 (Count 1); and Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2). (ECF No. 28). Defendant Troutman's jury trial was scheduled for September 7, 2021. (ECF No. 32). After he was appointed new counsel, and this Court continued the trial date (*see* ECF No. 49), Defendant Troutman represented he planned to accept the Government's plea offer. (*See* ECF No. 50). This Court then scheduled a change of plea hearing. (ECF No. 51).

At the change of plea hearing, Defendant rejected the Government's plea agreement, instead choosing to plead guilty to the superseding indictment. (ECF No. 60). During the hearing, Defendant called upon the Government to amend the factual allegations offered in support of a finding of guilty on Count 1. (*Id*. at 17). The Government agreed to make the suggested amendments to the statement of facts, and the Court completed the plea colloquy. (*Id*.). Then, approximately four months (113 days) later, Defendant moved to withdraw his guilty plea as to Count Two of the superseding indictment. (ECF No. 57). As the Government timely responded to Defendant's Motion (*see* ECF No. 61), it is now ripe for review by this Court.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 11(d), a defendant may "withdraw a guilty plea . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Rule 11(d) exists to "allow a hastily entered plea made with unsure heart and confused mind to be undone[.]" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991). The Rule is not intended to allow a defendant to "make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he

believes that he made a bad choice in pleading guilty." *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984), *cert. denied*, 471 U.S. 1004 (1985).

The Sixth Circuit directs the Court to consider seven factors in determining whether to grant a motion to withdraw a guilty plea:

> (1) the amount of time elapsed between the plea and the motion to withdraw; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) defendant's nature and background; (6) the degree to which defendant has had prior experience with the criminal justice system; and (7) potential of prejudice to the government if the motion to withdraw is granted.

*United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011) (quoting *United States v. Bashara*, 27 F.3d 1171, 1184 (6th Cir. 1994) *superseded on other grounds by statute as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000)). The factors listed are a general, non-exclusive list wherein no one factor is controlling. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). Ultimately, "[w]ithdrawal of a plea is appropriate where there is a real confusion or misunderstanding of the terms of the agreement." *United States v. Ayers*, No. 1:11-CR-63-1, 2013 WL 250637, at *4 (S.D. Ohio Jan. 23, 2013) (quoting *United States v. Ellis*, 470 F.3d 275, 280-81 (6th Cir. 2006) (internal citations and quotations omitted)).

## III.  LAW & ANALYSIS

### A.  The Parties' Arguments

Defendant seeks to withdraw his previously entered plea of guilty to Count Two of the Superseding Indictment— Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i).[2] (*See generally* ECF No. 57). Defendant maintains that he always struggled with his decision to plead guilty and first expressed his interest in withdrawal upon

---

[2] Defendant represents that he wishes to proceed to trial on Count Two while maintaining his guilty plea as to Count One of the Superseding Indictment. (ECF No. 57 at 1).

receipt of the presentence investigation report on January 12, 2022. (*Id*. at 2–3). Upon receiving the report, Defendant learned that while he was indicted for possession of the firearms recovered by DEA agents, his alleged coconspirators were not. (*Id*.). The disclosure of this information, says Defendant, is such an intervening circumstance which constitutes "'fair and just'" grounds for withdrawal of the guilty plea. (*Id*. at 3 (quoting *United States v. Ortega-Ascanio*, 376 F.3d 879, 833 (9th Cir. 2004))). Defendant avers that these alleged coconspirators are equally culpable and should have been similarly charged for their involvement in the underlying drug trafficking crime. (*Id*. at 2). He argues that because he was not found in direct possession of the firearm, it is unfair and unlawful for him to face a mandatory term of imprisonment when no other party is facing prosecution for the same conduct. (*Id*. at 3–4). Citing Federal Rule of Criminal Procedure 11(d)(2)(B), Defendant further asserts that it does not matter when he filed his Motion, so long as it was prior to sentencing. (*Id*. at 4). Because he has yet to be sentenced, and given the forgoing arguments, Defendant asserts granting withdrawal is appropriate here. (*Id*.).

As the guilty plea was entered knowingly and voluntarily and Defendant failed to state proper grounds for withdrawal, the Government maintains Defendant has not carried his burden of establishing that a withdrawal of his guilty plea is justified. (*See generally* ECF No. 61). The Government maintains that none of the factors laid out in *United States v. Bashara* support Defendant's request. First, the Government asserts that too much time has elapsed since the change of plea hearing, and Defendant has not offered any viable reasons for that delay. (*Id*. at 2–4). Second, the Government argues that Defendant has not remotely maintained his innocence throughout this case, rather the circumstances surrounding the entry of the guilty plea illustrate that he fully understood and accepted the nature of the criminal charges against him. (*Id*. at 4–6). The Government concludes by highlighting Defendant's extensive criminal history and

emphasizing that it will be prejudiced should this Court allow Defendant to withdraw his plea. (*Id.* at 7). To the last point, the Government argues that allowing withdrawal at this point in the case would "necessitate [] coordination with multiple jurisdictions concerning the availability of potential witnesses, as well as possibly needing to writ in multiple witnesses from state and federal facilities outside the state of Ohio." (*Id.*).

## B. The Court's Analysis

This Court does not find Defendant has set forth a "fair and just reason" justifying the withdrawal of his guilty plea, as each of the *Bashara* factors weighs against withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *see also Bashara*, 27 F.3d at 1184. Concerning the *Bashara* factors, as Courts routinely combine those logically related or only address those pertinent to the decision, this Court does the same below. *See United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996); *see also United States v. Ayers*, No. 1:11-CR-63-1, 2013 WL 250637, at *4 (S.D. Ohio Jan. 23, 2013).

### 1. Time Elapsed, the Reason for Delay, Assertion of and Maintaining Innocence, and Underlying Circumstances of the Guilty Plea

The first four *Bashara* factors weigh against granting withdrawal. First, considering the time elapsed between the entry of the plea and the motion to withdraw, a defendant's reasons for seeking to withdraw are "more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996). The more substantial the delay, the more valid a defendant's justification must be. *United States v. Alexander*, 948 F.2d 1002, 1003 (6th Cir. 1991), *cert. denied*, 502 U.S. 1117 (1992). Courts in the Sixth Circuit have routinely denied motions to withdraw where a defendant waited more than fifty (50) days following the entry of the plea *See e.g., Baez*, 87 F.3d at 808 (sixty-seven day delay supports denial of motion to withdraw); *see also United States v. Goldberg*, 862 F.2d 101, 103 (6th Cir.1988) (fifty-five day delay recognized as lengthy and supported denial of motion to withdraw). Here,

Defendant waited to move for withdrawal until 113 days after the entry of his plea. This weighs against withdrawal. And, while this factor is not controlling, the length of this delay means that the Court must closely scrutinize Defendant's justification for his delay. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

Defendant's justification for his delay in seeking to withdraw his plea, the second *Bashara* factor, also weighs in favor of denying withdrawal. Defendant contends that his delay in filing his motion should be excused because he did not realize his alleged coconspirators had not similarly been indicted for possession of the firearms, until after his sentencing. (ECF No. 57 at 2–3). Even if the Court were to accept this contention as true, Defendant does not explain why this discovery effected his ability to file his motion to withdraw sooner than he did. Defendant allegedly first learned of his coconspirators' indictments on January 12, 2022, but waited two months before seeking to withdraw his guilty plea. (*Id.*). Moreover, as the Government convincingly argues, the decision of who to indict falls within prosecutorial discretion and is not a valid reason to seek withdrawal of a properly entered guilty plea. *Wayte v. United States*, 470 U.S. 598, 607 (1985) ("A prosecutor enjoys wide discretion in making prosecutorial decisions.").

The third *Bashara* factor considers whether the defendant has asserted or maintained a position of innocence. *Bashara*, 27 F.3d at 1184. From its review of the record, this Court finds that Defendant has not maintained his innocence. Rather, Defendant asserted and maintained a position of guilt until he learned he was the sole bearer of responsibility for the firearms seized at his residence. (ECF No. 57 at 3). In fact, during his change of plea hearing, Defendant voluntarily and repeatedly pled guilty to possessing a firearm in furtherance of drug trafficking. Defendant's admission undermines his innocence claim. *See United States v. Martin*, 668 F.3d 787, 796 (6th Cir. 2012) ("Statements of guilt under oath at a plea hearing support the district judge's decision

not to permit withdrawal."). Ultimately, allowing withdrawal here would be an abuse of the intent of Rule 11: the rule exists to correct a hastily made decision, not as a scapegoat for a choice that later proves disappointing. *See United States v. Alexander*, 948 F.2d 1002 (6th Cir. 1991).

The circumstances underlying the entry of Defendant's guilty plea, the fourth *Bashara* factor, similarly weighs in favor of denying withdrawal. While Defendant entered his plea without the benefit of a plea bargain, the circumstances underlying the entry of that plea involved an extended colloquy, showing on the record that he knowingly and voluntarily plead guilty. (ECF No. 60 at 6 ("THE COURT: Mr. Troutman, I requested that this matter be recalled because I want to put on the record an extended colloquy regarding your rights with respect to your plea of guilty.")). The record reveals that Defendant pled guilty to Count Two knowingly and voluntarily during both proceedings. (*Id*.). Presented with an opportunity to contest the charges or underlying facts, Defendant only challenged information related to Count 1. (ECF No. 60 at 16–17 (after being asked whether he agreed with the essential facts of Count One, Defendant represented he did not "know why [they] keep saying heroin . . . [t]here wasn't [any] heroin")). After this contestation, the Government agreed to make the suggested amendments to the statement of facts on Count 1. (*Id*. at 17). Defendant did not take issue with any of the essential facts of Count 2. (*Id*. at 17–18).

Considering the amount of time elapsed between the plea and the motion to withdraw, the absence of a valid reason for failing to move for withdrawal earlier, Defendant's failure to maintain his innocence and the circumstances underlying the entry of the plea, this Court finds the first four *Bashara* factors weigh in favor of denying Defendant's Motion.

### 2. *Defendant's Background and Experience with the Criminal Justice System*

The fifth and sixth *Bashara* factors consider a defendant's background and experience with the criminal justice system. *Bashara*, 27 F.3d at 1184. Defendant is 33 years old with an eighth-

grade education. (ECF No. 60 at 7). His criminal record contains eight juvenile adjudications and five adult convictions. (ECF No. 56 at 9-18). The Sixth Circuit reasoned in *United States v. Blander* that when a defendant has a significant criminal background, there is "simply no reason to believe that [d]efendant's guilty plea—or his failure to withdraw it—stemmed from a lack of familiarity with the federal criminal justice system." 714 F. App'x 431, 438 (6th Cir. 2017). Furthermore, Defendant "has not identified any aspects of his background that would cause this [c]ourt to give greater credence to his claim that he did not enter into his plea in a knowing, intelligent, and voluntary manner." *United States v. Ayers*, No. 1:11-CR-63-1, 2013 WL 250637, at *7 (S.D. Ohio Jan. 23, 2013). Absent such identification, there exists no basis under which this Court could find that Defendant's background and experience with the criminal justice system undermined the voluntariness of his guilty plea.

### 3. *Prejudice to the Government*

The Government maintains that the burden of coordinating witnesses across multiple jurisdictions would cause it to suffer prejudice, so much so that withdrawal should not be granted. (ECF No. 61 at 7). While the Court recognizes that a degree of prejudice exists, "'the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing withdrawal.'" *United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011) (quoting *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987)). On balance, the Defendant has not established a reason sufficient to warrant analysis of prejudice to the government.

## IV. CONCLUSION

As detailed above, none of the *Bashara* factors weigh in favor of allowing Defendant to withdraw his guilty plea after waiting approximately four months (113 days) to seek withdrawal. Accordingly, Defendant's Motion (ECF No. 57) is **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**Chief United States District Court Judge**

**DATED: July 13, 2022**

9