IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | Case No. 2:21-CR-49(1) |
| : | |
| v. : | Chief Judge Algenon L. Marbley |
| : | |
| DEMETRIUS TROUTMAN, : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

This matter is before this Court on the Order of the United States Court of Appeals for the Sixth Circuit's Limited Remand to this Court to Reconsider its Denial (ECF No. 70) of Attorney Andrew Sanderson's Motion to Withdraw as Counsel (ECF No. 67) and its Denial (ECF No. 81) of Defendant Demetrius Troutman's Second Motion to Withdraw his Guilty Plea (ECF No. 73). (ECF No. 111). For the reasons stated below, Attorney Andrew Sanderson's Motion to Withdraw as Counsel (ECF No. 67) and Defendant Demetrius Troutman's Second Motion to Withdraw his Guilty Plea (ECF No. 73) shall remain **DENIED**.

**I.  BACKGROUND**

As part of an ongoing investigation, agents with the Drug Enforcement Administration ("DEA") determined that Demetrious Troutman, Norberto Castillo-Lopez, and others possessed and intended to distribute at least 400 grams of fentanyl from June 2020 through September 2020. (ECF No. 56 at ¶ 7). Based on evidence obtained from that investigation, on September 28, 2020, a search warrant was executed at Demetrius Troutman's residence. (ECF No. 56 at 5). Upon conducting the search, DEA agents recovered numerous illegal drugs, multiple firearms, and approximately 30,000 rounds of ammunition. (*Id.* at 5).

1

As a result of that seizure, and the ongoing DEA investigation, both Troutman and Castillo-Lopez were indicted by a grand jury on two counts: Possession with Intent to Distribute Narcotics in violation of 21 U.S.C. §§ 841(a)(1) (Count 1); and Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2). (ECF No. 21). Thereafter, once this Court scheduled Defendants' case for trial, the grand jury returned a superseding indictment charging both Defendants with Conspiracy to Possess with an Intent to Distribute Narcotics in violation of 21 U.S.C. § 846 (Count 1); and Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2). (ECF No. 28). Defendant Troutman's jury trial was scheduled for September 7, 2021. (ECF No. 32). After he was appointed new counsel, and this Court continued the trial date (*see* ECF No. 49), Defendant Troutman represented he planned to accept the Government's plea offer. (*See* ECF No. 50). This Court then scheduled a change of plea hearing. (ECF No. 51).

At the change of plea hearing, Defendant rejected the Government's plea agreement, instead choosing to plead guilty to the superseding indictment without the benefit of a plea agreement. (ECF No. 60). During the hearing, Defendant called upon the Government to amend the factual allegations offered in support of a finding of guilty on Count 1. (*Id.* at 17). The Government agreed to make the suggested amendments to the statement of facts, and the Court completed the plea colloquy. (*Id.*). Then, approximately four months (113 days) later, Defendant moved to withdraw his guilty plea as to Count Two of the superseding indictment. (ECF No. 57). On July 13, 2022, this Court denied Defendant's Motion, concluding that Defendant failed to set forth a "fair and just reason" for withdrawal of his guilty plea, as each of the *Bashara* factors weighed against him. (ECF No. 62).

On July 22, 2022, Troutman filed a notice of appeal that purported to appeal "from the judgment and sentence imposed . . . on July 7, 2022." (ECF No. 65). As no judgment was imposed on that date, the Sixth Circuit denied the motion on September 9, 2022. (ECF No. 80). The Sixth Circuit also stated that if Defendant was in fact referring to the July 13, 2020, order denying Defendant's Motion to Withdraw his guilty plea, the court lacked jurisdiction to hear the matter. (*Id.*). In the interim, Defendant sent a letter to this Court alleging that his Counsel, Andrew T. Sanderson, had not spoken to him since May 2022 and "lied to [him] about all the motions." (ECF No. 64 at 1). On August 1, 2022, Attorney Sanderson filed a Motion to Withdraw as Attorney because Troutman had made pro se filings, making it difficult for Counsel to continue his representation of the Defendant. (ECF No. 67). This Court denied the order, finding no good cause existed to grant the withdrawal and finding no evidence that Mr. Sanderson "lied" to Defendant. (ECF No. 70 at 2).

On August 19, 2022, Defendant filed a Second Motion to Withdraw Plea of Guilty (ECF No. 73). On August 24, 2022, Defendant filed a Pro Se Motion for Ineffective Assistance of Counsel. (ECF No. 78). On September 19, 2022, this Court denied both motions. (ECF No. 81).

On March 9, 2023, this Court sentenced Defendant to fifteen years in prison. (ECF No. 96). At the sentencing hearing, Defendant moved to appeal to the United States Court of Appeals for the Sixth Circuit. (ECF No. 98). On December 1, 2023, the Sixth Circuit issued its limited remand for this Court to reevaluate both Attorney Sanderson's Motion to Withdraw as Counsel and Defendant's Second Motion to Withdraw his guilty plea. (ECF No. 111).

On June 20, 2024, this Court held a limited remand hearing with all parties present. This Court granted Defendant until June 27, 2024 to file any post-hearing brief, any reply to which

3

would be due by July 8, 2024. Given that the time for any such briefing has elapsed and no briefing has been received, the Sixth Circuit's remand is ripe for judgment.

## II. STANDARD OF REVIEW

Pursuant to this Court's Local Rules, a trial attorney seeking to withdraw must seek leave of court. S.D. Ohio Civ. R. 83.4. "A motion to withdraw shall meet the following requirements: (1) it must be served upon the client, and the certificate of service must so state; (2) it must assert that good cause, as defined by the Rules of Professional Conduct, exists to permit the withdrawal; and (3) it must be accompanied by an affidavit or other evidence supporting the assertion of good cause." S.D. Ohio Civ. R. 83.4(c)(2). While the Sixth Amendment and the CJA provide a right to effective counsel, that right is not absolute. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989). Put simply, "[a]n indigent defendant has no right to have a particular attorney represent him." *United States v. Isles*, 906 F.2d 1122, 1130 (6th Cir. 1990).

Pursuant to Federal Rule of Criminal Procedure 11(d), a defendant may "withdraw a guilty plea . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Rule 11(d) exists to "allow a hastily entered plea made with unsure heart and confused mind to be undone[.]" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991), *cert. denied*, 502 U.S. 1117 (1992). The Rule is not intended to allow a defendant to "make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984), *cert. denied*, 471 U.S. 1004 (1985).

The Sixth Circuit directs courts to consider seven factors in determining whether to grant a motion to withdraw a guilty plea:

> (1) the amount of time elapsed between the plea and the motion to withdraw; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether defendant has asserted or maintained his

4

innocence; (4) the circumstances underlying the entry of the guilty plea; (5) defendant's nature and background; (6) the degree to which defendant has had prior experience with the criminal justice system; and (7) potential of prejudice to the government if the motion to withdraw is granted.

*United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011) (quoting *United States v. Bashara*, 27 F.3d 1171, 1184 (6th Cir. 1994) *superseded on other grounds by statute as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000)). The factors listed are a general, non-exclusive list wherein no one factor is controlling. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). Ultimately, "[w]ithdrawal of a plea is appropriate where there is a real confusion or misunderstanding of the terms of the agreement." *United States v. Ayers*, No. 1:11-CR-63-1, 2013 WL 250637, at *4 (S.D. Ohio Jan. 23, 2013) (quoting *United States v. Ellis*, 470 F.3d 275, 280-81 (6th Cir. 2006) (internal citations and quotations omitted)).

### III. LAW & ANALYSIS

#### A. Attorney Sanderson's Motion to Withdraw as Counsel

At the outset, this Court notes that Attorney Sanderson has withdrawn from the private practice of law and is now employed at the Athens County Prosecutor's Office. As a matter of course, his Motion to Withdraw as Counsel is now moot as a result. In heeding the limited remand issued by the Sixth Circuit, however, this Court includes its analysis as it would have appeared had Attorney Sanderson been in a position to take this case on a remand.

Defendant in this action was represented by counsel but filed several motions pro se without consultation with Attorney Sanderson. The Sixth Amendment to the United States Constitution and federal statute provide a criminal defendant the right to appear pro se or by counsel. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel ...."); *see also Faretta v. California,* 422 U.S. 806, 807, 832 (1975); *United States v. Daniels,* 572 F.2d 535, 540 (5th Cir. 1978); *Ennis v. LeFevre,* 560

F.2d 1072, 1075 (2nd Cir. 1977); *United States v. Williams,* 534 F.2d 119, 123 (8th Cir. 1976). There is no right to "hybrid" representation, however, that would result in simultaneous or alternating self-representation and representation by counsel. *United States v. Toufaili*, No. 10-cr-20705, 2011 WL 318125, at *1 (E.D. Mich. Jan. 31, 2011). Therefore, a party must either choose to represent him or herself or appear through an attorney. As the Sixth Circuit has stated:

> The right to defend pro se and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other. While it may be within the discretion of a District Court to permit both a criminal defendant and his attorney to conduct different phases of the defense in a criminal trial, for purposes of determining whether there has been a deprivation of constitutional rights[,] a criminal defendant cannot logically waive or assert both rights.

*United States v. Mosely,* 810 F.2d 93, 97 (6th Cir. 1987) (citing *United States v. Conder,* 423 F.2d 904, 908 (6th Cir. 1970)). Put simply, a person represented by counsel must rely upon that counsel. *See, e.g., United States v. Olson,* 576 F.2d 1267, 1269–70 (8th Cir. 1978); *Daniels*, 572 F.2d at 540; *Ennis*, 560 F.2d at 1075; *Williams*, 534 F.2d at 123; *United States v. Hill,* 526 F.2d 1019, 1024–25 (10th Cir. 1975). Therefore, this Court should accept only those motions filed by the attorney of record where Defendant is represented by counsel. *See Toufaili*, 2011 WL 318125, at *2 (rejecting any pro se filings where defendants were represented by counsel).

In addition to his simultaneous filings, Defendant claimed that Attorney Sanderson provided ineffective assistance of counsel, which this Court has rejected. Effective assistance of counsel, protected by the Sixth Amendment, does not require counsel to "blindly follow the defendant's every demand." *U.S. v. Watson*, 620 Fed. App'x 493, 502 (6th Cir. 2015). In *Watson*, the defendant twice sought dismissal of two different counsel for ineffective assistance of counsel. There, the Sixth Circuit affirmed the district court's decision which found that there was not a "complete breakdown in communication" warranting withdrawal of counsel. *Id.* at 502. In fact,

6

the Court concluded that the defendant's frustration largely stemmed from defense counsel's refusal to take certain actions on behalf of the defendant that defense counsel believed would harm the defendant at trial. *Id.* Where the court assesses that the defendant is mentally capable and the defendant's counsel is ready, willing and able to represent him or her, a "case cannot be held hostage simply because a defendant decides that he doesn't want to communicate with his attorney." *Id.* at 500. Here, Attorney Sanderson demonstrated competence and this Court found no evidence that Attorney Sanderson ignored or lied to Defendant. It is against this backdrop that Attorney Sanderson filed his Motion to Withdraw as Counsel (ECF No. 67), which this Court now reconsiders.

When reviewing a denial of a Motion to Withdraw as Counsel, the Sixth Circuit generally considers four factors, identified in *United States v. Mack*, 258 F.3d 548 (6th Cir. 2001):

> (1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) balancing the factors with the public's interest in the prompt and efficient administration of justice.

*United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001).

Regarding the first *Mack* factor, the Sixth Circuit found that the motion was timely, so this Court need not examine this factor on remand. (ECF No. 111 at 4)

As to the second factor, the Sixth Circuit highlights that this Court did not conduct a hearing on Attorney Sanderson's Motion and instead came to its conclusions based only on the filings:

> When "a district court is on notice of a criminal defendant's dissatisfaction with counsel, the court has an affirmative duty to inquire as to" whether that dissatisfaction gives rise to good cause for counsel's withdrawal. *Benitez v. United States*, 521 F.3d 625, 634 (6th Cir. 2008). "[C]ourts cannot properly resolve [attorney-withdrawal] motions without probing why a defendant wants a new lawyer." *Martel v. Clair*, 565 U.S. 648, 664 (2012). Such an inquiry "not only aids in determining whether 'good cause' has been shown, but serves to ease the defendant's distrust, to preserve the integrity of the trial process, and to foster

7

confidence in the jury verdict." *Iles*, 906 F.2d at 1131. Only after such a review and upon a finding of good cause—or the lack thereof— may a district court resolve a motion to withdraw or for substitute counsel. *See United States v. Powell*, 847 F.3d 760, 778 (6th Cir. 2017).

(ECF No. 111 at 3). "To satisfy this requirement, the district court simply must allow a defendant the opportunity to explain the attorney-client conflict as he perceives it." *Id*. at 779 (internal quotation marks omitted); *see also United States v. Saldivar-Trujillo*, 380 F.3d 274, 278 (6th Cir. 2004) (explaining that an inquiry is adequate when "all of the interested parties [are able] to present their respective evidence and arguments"). "[U]sually," this means questioning a defendant and his attorney in person. *Iles*, 906 F.2d at 1131.

On June 20, 2024, following the Sixth Circuit's Judgment, this Court held a limited remand hearing on Attorney Sanderson's Motion and on Defendant's Second Motion to Withdraw his guilty plea to conduct such questioning in person and satisfy the second *Mack* factor. This Court began the hearing by questioning Attorney Sanderson regarding the context in which he filed his Motion to Withdraw as Counsel and regarding Defendant's Motion for Ineffective Assistance of Counsel. (ECF No. 126). Attorney Sanderson also responded to questions from Attorney Wallrabenstein, Defendant's current counsel. (*Id.*). This Court then called Defendant, who responded to questions from this Court regarding his motion for Ineffective Assistance of Counsel and his Second Motion to Withdraw his guilty plea. (*Id.*). Defendant then responded to questions from Attorney Wallrabenstein and from this Court. (*Id.*). Counsel for the Government was present and afforded the opportunity to ask questions. Because this Court allowed Defendant to explain the attorney-client conflict as he perceived it, *Powell*, 847 F.3d at 779; conducted an adequate inquiry where all of the interested parties were able to present their respective evidence and arguments, *Saldivar-Trujillo*, 380 F.3d at 278; and did so in person, *Iles*, 906 F.2d at 1131, the second *Mack* factor is satisfied.

8

Concerning the third factor, Attorney Sanderson explained the extent of the conflict between the attorney and client and noted that it was not so great that it resulted in a total lack of communication preventing an adequate defense. When asked to explain the conflict, Attorney Sanderson replied that

> [a]ny time a client of mine would write the Court and say that they're dissatisfied with my representation, I would probably move the Court for leave to withdraw … That doesn't mean necessarily that the relationship has deteriorated to such a point that we cannot communicate or I could no longer provide effective assistance but it is giving voice to my client's wishes which I would have done in this case and probably done in several other cases in the past.

Caselaw in this Circuit indicates the third *Mack* factor requires more than dissatisfaction with counsel. A complete communication breakdown between the defendant and attorney must have occurred, preventing an adequate defense. *United States v. Collado-Rivera*, 830 F. App'x 161, 164 (6th Cir. 2020) (finding no abuse of discretion and affirming district court after a remand hearing where the district court concluded that defendant and his counsel had "strategic disagreements, but those disagreements did not amount to a complete breakdown in communication"). No such total breakdown occurred here. As Attorney Sanderson explained, the conflict between he and his client was not so great that it resulted in a total lack of communication preventing an adequate defense. Because the deterioration was not so severe as to prevent representation, the third *Mack* factor weighs in favor of denying the Motion to Withdraw as Counsel.

The fourth factor balances Defendant's right to the counsel of his choice against the public's interest in prompt and efficient administration of justice. *E.g.*, *Jones v. Bradshaw*, 46 F.4th 459, 475 (6th Cir. 2022); *Powell*, 847 F.3d at 779; *Cobb v. Warden, Chillicothe Corr. Inst.*, 466 F. App'x 456, 463 (6th Cir. 2012) ("Our analysis of this fourth factor must consider *both* [defendant's] rights and the rights of the public."); *see also, e.g.*, *United States v. Johnson*, 612 F. App'x 345, 352 (6th Cir. 2015) (noting that the focus of this inquiry is whether the district court

9

properly balanced the relevant interests at the time it adjudicated the motion). In its denial of Attorney Sanderson's Motion to Withdraw as Counsel here, this court particularly considered "the advanced stage of these proceedings, [finding that] withdrawal without good cause will surely interfere with the efficient and proper functioning of this Court." (ECF No. 70 at 2). *Cf. United States v. Steele*, 919 F.3d 965 (6th Cir. 2019) (weighing this factor against defendant where granting his motion mid-trial would have "clearly upset the district court's ability to promptly and efficiently conduct trial" and resulted in a significant time and financial burden); *United States v. Sullivan*, 431 F.3d 976, 982 (6th Cir. 2005) (finding the same); *United States v. Namer*, 149 F. App'x 385, 394 (6th Cir. 2005) (finding the same). Here, granting Attorney Sanderson's Motion to Withdraw as Counsel at such a late stage would have unduly disturbed the public's interest in the prompt and efficient administration of justice. *Jones*, 46 F.4th 459 at 475. Accordingly, the fourth *Mack* factor weighs in favor of denying the Motion. Attorney Sanderson's Motion to Withdraw as Counsel (ECF No. 67) is therefore **DENIED**.

### B. Defendant's Motion to Withdraw His Guilty Plea

As the Sixth Circuit identified in its Judgment (ECF No. 111), it is well established that a defendant has no right to withdraw his guilty plea. *United States v. Martin*, 668 F.3d at 787, 794 (6th Cir. 2012). A defendant must instead demonstrate a "fair and just reason" for requesting such a withdrawal. Fed. R. Crim. P. 11(d)(2)(B). Importantly, this rule is not meant to allow a defendant "to make a tactical decision to enter a plea, wait several weeks, then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Alexander*, 948 F.2d at 1004. Whether a defendant satisfies this "fair and just reason" standard depends on the totality of the circumstances, evaluated under the seven *Bashara* factors:

> (1) the amount of time elapsed between the plea and the motion to withdraw; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal

10

>earlier in the proceedings; (3) whether defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) defendant's nature and background; (6) the degree to which defendant has had prior experience with the criminal justice system; and (7) potential of prejudice to the government if the motion to withdraw is granted.

*Bashara*, 27 F.3d at 1184. "The factors listed are a general, non-exhaustive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

This Court does not find Defendant has set forth a "fair and just reason" justifying the withdrawal of his guilty plea, because, as set forth below, each of the *Bashara* factors weighs against withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *see also Bashara*, 27 F.3d at 1184; *United States v. Ayers*, No. 1:11-CR-63-1, 2013 WL 250637, at *4 (S.D. Ohio Jan. 23, 2013).

1. *Time Elapsed, the Reason for Delay, Assertion of and Maintaining Innocence, and Underlying Circumstances of the Guilty Plea*

The first four *Bashara* factors weigh against granting withdrawal. First, considering the time elapsed between the entry of the plea and the motion to withdraw, a defendant's reasons for seeking to withdraw are "more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996). The more substantial the delay, the more valid a defendant's justification must be. *Alexander*, 948 F.2d at 1003. Courts in the Sixth Circuit have routinely denied motions to withdraw where a defendant waited more than fifty (50) days following the entry of the plea *See e.g., Baez*, 87 F.3d at 808 (sixty-seven day delay supports denial of motion to withdraw); *see also United States v. Goldberg*, 862 F.2d 101, 103 (6th Cir.1988) (fifty-five day delay recognized as lengthy and supported denial of motion to withdraw). Here, Defendant waited to move for his initial withdrawal until March 11, 2022, one hundred and thirteen (113) days after the entry of his plea. His Second Motion for Withdrawal, which this Court reviews here, was not filed until August 19, 2022, two hundred and seventy-four (274) days after his initial entry. This weighs against withdrawal. And, while this factor is not

11

controlling, the length of this delay means that the Court must closely scrutinize Defendant's justification for his delay, done so below. *Bazzi*, 94 F.3d at 1027.

The second factor, Defendant's justification for his delay in seeking to withdraw his plea, also weighs in favor of denying withdrawal. As this Court explained in its Opinion and Order denying the initial withdrawal (ECF No. 62), Defendant contends that his delay in filing his motion should be excused because he did not realize his alleged coconspirators had not similarly been indicted for possession of the firearms until after his sentencing. (ECF No. 57 at 2–3). Even if the Court were to accept this contention as true, Defendant does not explain why this discovery adversely affected his ability to file his motion to withdraw sooner than he did. Defendant allegedly first learned of his coconspirators' indictments on January 12, 2022, but waited for two more months before seeking to withdraw his guilty plea. (*Id.*). Moreover, as the Government convincingly argues, the decision of who to indict falls within prosecutorial discretion and is not a valid reason to seek withdrawal of a properly entered guilty plea. *Wayte v. United States*, 470 U.S. 598, 607 (1985) ("A prosecutor enjoys wide discretion in making prosecutorial decisions.").

The third *Bashara* factor considers whether the defendant has asserted or maintained a position of innocence. *Bashara*, 27 F.3d at 1184. The Sixth Circuit's Judgment directs this Court to consider Defendant's new arguments made in his Second Motion to Withdraw. (ECF No. 111 at 9). In his Second Motion, Defendant asserts for the first time that he is innocent. (ECF No. 73). From its review of the record, this Court finds that Defendant has not maintained his innocence. Rather, Defendant asserted and maintained a position of guilt until he learned he was the sole bearer of responsibility for the firearms seized at his residence. In fact, during his change of plea hearing, Defendant voluntarily and repeatedly pled guilty to possessing a firearm in furtherance of drug trafficking. Defendant's admission undermines his innocence claim. *See United States v.*

12

*Martin*, 668 F.3d 787, 796 (6th Cir. 2012) ("Statements of guilt under oath at a plea hearing support the district judge's decision not to permit withdrawal."). Ultimately, allowing withdrawal here would be an abuse of the intent of Rule 11: the rule exists to correct a hastily made decision, not as a scapegoat for a choice that later proves disappointing. *Alexander*, 948 F.2d at 1002. Here, Defendant's request for withdrawal was made nearly a year after his initial plea, far beyond the bounds of what could be considered a hastily made decision.

The circumstances underlying the entry of Defendant's guilty plea, the fourth *Bashara* factor, similarly weigh in favor of denying withdrawal. While Defendant entered his plea without the benefit of a plea bargain, the circumstances underlying the entry of that plea involved an extended colloquy, showing on the record that he knowingly and voluntarily pled guilty. (ECF No. 60 at 6 ("THE COURT: Mr. Troutman, I requested that this matter be recalled because I want to put on the record an extended colloquy regarding your rights with respect to your plea of guilty.")). The record reveals that Defendant pled guilty to Count Two knowingly and voluntarily during both proceedings. (*Id*.). Presented with an opportunity to contest the charges or underlying facts, Defendant only challenged information related to Count One, deciding later to challenge his plea for Count One. (ECF No. 60 at 16–17 (after being asked whether he agreed with the essential facts of Count One, Defendant represented he did not "know why [they] keep saying heroin . . . [t]here wasn't [any] heroin")). After this contestation, the Government agreed to make the suggested amendments to the statement of facts on Count One. (*Id*. at 17). Defendant did not take issue with any of the essential facts of Count Two. (*Id*. at 17–18).

Considering the amount of time that elapsed between the plea and the motion to withdraw, the absence of a valid reason for failing to move for withdrawal earlier, Defendant's failure to

maintain his innocence and the circumstances underlying the entry of the plea, this Court finds the first four *Bashara* factors weigh in favor of denying Defendant's Motion.

    2. *Defendant's Background and Experience with the Criminal Justice System*

The fifth and sixth *Bashara* factors consider a defendant's background and experience with the criminal justice system. *Bashara*, 27 F.3d at 1184. Defendant is 33 years old with an eighth-grade education. (ECF No. 60 at 7). His criminal record contains eight juvenile adjudications and five adult convictions. (ECF No. 56 at 9-18). The Sixth Circuit reasoned that when a defendant has a significant criminal background, there is "simply no reason to believe that [d]efendant's guilty plea—or his failure to withdraw it—stemmed from a lack of familiarity with the federal criminal justice system." *United States v. Blander*, 714 F. App'x 431, 438 (6th Cir. 2017).). Indeed, his Criminal History Category of IV suggests a degree of familiarity with the federal criminal justice system. (ECF No. 56 at 16). Defendant in this case has previous convictions for attempted assault; operating a vehicle while impaired; attempted theft; carrying a concealed weapon; and for harassment with a bodily substance; all in the span of ten years. (*Id.* at 12-15). This Court finds that Defendant's many convictions and interactions with the federal criminal justice system across his adult life demonstrate sufficient familiarity with said system. (*Id.*).

Here, the Sixth Circuit directed this Court to examine anew Defendant's contention that he pleaded guilty involuntarily because he felt threatened by the prosecution. (ECF No. 111 at 9). In his Second Motion, however, Defendant "has not identified any aspects of his background that would cause this Court to give greater credence to his claim that he did not enter into his plea in a knowing, intelligent, and voluntary manner." *United States v. Ayers*, No. 1:11-CR-63-1, 2013 WL 250637, at *7 (S.D. Ohio Jan. 23, 2013). Absent such identification, there exists no basis under

14

which this Court could find that Defendant's background and experience with the criminal justice system undermined the voluntariness of his guilty plea.

### 3. Prejudice to the Government

With regard to the seventh and final *Bashara* factor – prejudice to the Government if Defendant withdraws his plea – the Government maintains that the burden of coordinating witnesses across multiple jurisdictions would cause it to suffer prejudice, so much so that withdrawal should not be granted. (ECF No. 61 at 7). This Court need not reach this issue if a defendant fails to "establish[] a fair and just reason allowing for withdrawal." *United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011) (quoting *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987)). "Unless and until the defendant advances and establishes a fair and just reason for allowing withdrawal," the Government need not make a showing of prejudice. *Id.* Here, this Court has determined that Defendant has not established a fair and just reason allowing for withdrawal and need not reach this issue as a result.

Even if Defendant had established such a reason, however, the Government has shown prejudice. First, as the Sixth Circuit observed in *United States v. Turner*, one form of prejudice can be that "a significant delay would likely hamper the Government's ability to prove its case." 624 F. App'x 331, 337 (6th Cir. 2015). Here, granting Defendant's Motion would result in a trial occurring more than four years after the underlying events took place. Second, and more to the point, the Government informed the Western District of Pennsylvania that the case has been resolved after Defendant entered his guilty plea. (ECF No. 61 at 7). That Court has since moved forward with charging decisions on several related cases and defendants. (*Id.*). Granting withdrawal at this point would necessitate additional coordination with multiple jurisdictions "as well as possibly needing to writ in multiple witnesses from state and federal facilities outside the

15

state of Ohio." (*Id.*). Such arrangements would prove prejudicial to the Government and place strain on judicial resources. Accordingly, this factor weighs in favor of the Government.

## IV.  CONCLUSION

Having reexamined the Motions pursuant to the Sixth Circuit's limited remand, this Court concludes that Attorney Andrew Sanderson's Motion to Withdraw as Counsel (ECF No. 67) and Defendant Demetrius Troutman's Second Motion to Withdraw his Guilty Plea (ECF No. 73) shall remain **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 8, 2024**